UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THO V DAO,<br><br>        Plaintiff,<br><br>   v.<br><br>SEATTLE PUBLIC SCHOOLS, CARLOS DEL VALLE, JUDIE E. JAGER, DOES 1-50,<br><br>        Defendants. | CASE NO. 2:23-cv-01341-RAJ-BAT<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT** |

Before the Court is Plaintiff Tho V. Dao's Second Motion to Amend Complaint. Dkt. 18. Defendants Carlos Del Valle, Judie E. Jager, and Seattle Public Schools ("SPS"), oppose the motion and request an award of fees and costs. Dkt. 19. The Court **GRANTS** the motion and **DENIES** the request for an award of fees and costs.

BACKGROUND

On August 29, 2023, Plaintiff, who was then proceeding *pro se*, filed his original complaint in this matter after he received a Right to Sue Letter from the EEOC on July 14, 2023. Plaintiff asserted various claims against Defendants, including claims under the Washington Law Against Discrimination ("WLAD") and other torts against SPS as a public entity. Plaintiff was not aware he was first required to file a state tort claim pursuant to RCW 4.96.020. Defendants filed an Answer to the original complaint on October 11, 2023. Dkt. 9.

ORDER GRANTING PLAINTIFF'S SECOND
MOTION TO AMEND COMPLAINT - 1

Plaintiff retained counsel on October 6, 2023, and on October 12, 2023, filed a tort claim with SPS. Following the 60 day-period mandated by RCW 4.96.020, Plaintiff moved for leave to amend his complaint to remove all tort and WLAD claims while he satisfied the statutory requirements. Dkt. 12. On December 8, 2023, the Court granted Plaintiff's motion for leave to amend. Dkt. 16. The Amended Complaint was filed on December 13, 2023. Dkt. 17.

Plaintiff now moves to amend his complaint again, this time to reassert the tort and WLAD claims now that he has satisfied the condition precedent requirements of RCW 4.96.020. Dkt. 18.

## LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 19 F.3d 752, 757 (9th Cir. 1999)).

"In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Because leave to amend should be freely given, "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986). Thus, all inferences must be drawn in favor of the moving party. *Griggs*, 170 F.3d at 880.

ORDER GRANTING PLAINTIFF'S SECOND
MOTION TO AMEND COMPLAINT - 2

DISCUSSION

The Court allowed Plaintiff to remove the tort and WLAD claims so he could comply with statutory conditions precedent, and he has now done so. The proposed amendment sought by Plaintiff to reassert these claims is not an exercise in futility because he is well within the statute of limitations and Defendants have already filed an answer to the original complaint, which contained the identical claims Plaintiff seeks to reassert here. Thus, the proposed amendment will not cause delay as it adds nothing new. Defendants have also shown no resulting prejudice if the amendment is allowed and there is no indication the amendment will require additional resources for discovery or trial preparation.

Defendants' request for an award for the "considerable expense in Answering and opposing Plaintiff's Motions" is denied. The Court granted Plaintiff's first motion to allow him to cure the notice of claim defect and, any time and expense associated with the filing and responding to two separate motions to amend could have been avoided by the parties' agreement.

Accordingly, it is **ORDERED** that Plaintiff's second motion to amend (Dkt. 18) is **GRANTED**; the Clerk shall docket the proposed Second Amended Complaint (*see* Dkt. 18-1) as Plaintiff's Second Amended Complaint.

The parties are reminded of the Court's Scheduling Order, issued almost six months ago. Dkt. 11. The parties must abide by the deadlines set in that Order.

DATED this 13th day of May, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge